UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A.JOHNSON, by and through his next of kin/survivors, | ) ) ) | |
| Plaintiff, | ) ) | No. |
| vs. | ) ) | |
| BOBBY E. WRIGHT COMPREHENSIVE BEHAVIORAL HEALTH CENTER, INC. | ) ) ) | JURY TRIAL |
| Defendant. | ) ) | |

## COMPLAINT

NOW COMES the Plaintiff, MICHAEL A. JOHNSON, through his next of kin/ survivors, ("Plaintiff"), by and through his attorney, GARY D. ABRAMS & ASSOCIATES, LTD., and in complaining of the Defendant, BOBBY E. WRIGHT COMPREHENSIVE BEHAVIORAL HEALTH CENTER, INC, ("Defendant"), and states as follows:

### AS AND FOR A FIRSTCAUSE OF ACTION
### (DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT)

### NATURE OF ACTION

1. This is an action under Title I of the Americans with Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, and the Illinois Human Rights Act, to correct unlawful employment practices on the basis of disability (handicap) and to make whole the survivors of MICHAEL A. JOHNSON ("Plaintiff").

BOBBY E. WRIGHT BEHAVIORAL HEALTH CENTER, INC. ("Defendant") discriminated against Plaintiff, a qualified individual with a handicap, because of his disability.

## PARTIES

2. Plaintiff was an adult person and a resident of Cook County, State of Illinois, and is now deceased.

3. At all times relevant, the Defendant was incorporated in Illinois as a not-for-profit corporation, and is located in Chicago, Cook County, Illinois.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & & 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981(A) ..

5. The employment practices hereafter alleged to be unlawful were committed by the Defendant in the Northern District of Illinois, Eastern Division, and the Defendant is an employer as that term is defined under the Americans with Disabilities Act and the Illinois Human Rights Act, at all times material to the allegations herein.

6. Plaintiff had a permanent disability (handicap) of having spinal injury/damage resulting in a permanent neurological disorder; in that he has a record of, or is regarded as having a physical impairment that substantially limits one or more major life activities but said disability was not related to his ability to perform the essential functions of his assigned duties with Defendant.

## STATEMENT OF CLAIMS

7. Despite Defendant listing itself as an equal employment company and having a policy against Discrimination to the Disabled, Defendant intentionally discriminated against Plaintiff by

denying his requests for reasonable accomodations, and refusing medical insurance coverage with respect to his claims regarding his disabling medical condition. Thereafter, due to defendant's actions, Plaintiff died. This discrimination, because of his handicap or disability, violated his rights under both the Americans with Disabilities Act and the Illinois Human Rights Act.

8. Defendant's acts and omissions to act violated applicable provisions of the Americans with Disabilities Act and the Illinois Human Rights Act.

9. The discriminatory action of Defendant as set forth above caused Plaintiff to suffer loss of earnings, and as a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff was harmed in that Plaintiff suffered in his position, his work environment became impaired and his work performance was impaired. As a further proximate result of Plaintiff's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff was harmed in that Plaintiff suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress, and subsequently died. As a result of such discrimination and consequent harm, Plaintiff suffered such damages in an amount according to proof.

10. Plaintiff protested his unlawful treatment and on June 14, 2010 filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) at Chicago, Illinois. A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "A" and incorporated herein. Efforts by that Agency to obtain voluntary compliance by the Defendant with the Americans with Disabilities Act have been unsuccessful thereby causing the EEOC to issue a Right to Sue letter. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit :B" and incorporated herein.

11. This action has been timely filed within ninety (90) days of the receipt of the Notice of Right to Sue.

## AS AND FOR A FIRST CAUSE OF ACTION
## (ADA DISABILITY DISCRIMINATION)

12.    The allegations set forth in paragraphs 1 through 11 are incorporated by reference as if fully set forth herein.

13.    The ADA forbids a "covered entity" from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

14.    Discrimination under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee."   42 U.S.C. § 12112(b)(5)(A).

15.    Plaintiff was a qualified individual with a disability as defined by 42 U.S.C. §§ 12102 and 12111(8).  At all relevant times, Plaintiff was Defendant's employee, as defined by 42 U.S.C. § 12111(4).

16.    Defendant is a covered entity as defined by 42 U.S.C. § 12111(2).

17.    In violation of the ADA, Defendant failed to make reasonable accommodations for Plaintiff .

18.    As a proximate cause of the aforementioned unlawful employment actions, Plaintiff  suffered harm, including loss of earnings and emotional pain, humiliation, mental anguish, loss of enjoyment of life, emotional distress, and medical expenses.

## AS AND FOR A SECOND CAUSE OF ACTION
### (ADA Retaliation)

19.    The allegations set forth in ¶¶ 1 through 18 are incorporated by reference as if fully set forth herein.

20.    In making his requests for accommodation, Plaintiff engaged in protected activity under the ADA.

21.    Defendant took adverse employment action against Plaintiff by terminating his employment.

22.    In violation of the ADA, 42 U.S.C. § 12203(a), Defendant took adverse employment action against Plaintiff on account of denying his lawful requests for accommodation.

23.    As a proximate cause of the aforementioned unlawful employment actions, Plaintiff suffered harm, including loss of earnings and emotional pain, humiliation, mental anguish, loss of enjoyment of life, emotional distress, and medical expenses.

## AS AND FOR A THIRD CAUSE OF ACTION
### (IHRA Failure to Accommodate)

24.    The allegations set forth in ¶¶ 1 through 23 are incorporated by reference as if fully set forth herein.

25.    The IHRA makes it unlawful for an employer, such as Defendant, "to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline,

tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination." 775 ILCS 5/2-102(A).

26.     Under 775 ILCS 5/1-103(Q), unlawful discrimination includes discrimination against a person because of his disability.   Employers are required to make reasonable accommodation for the known physical limitations of otherwise qualified employees.  56 Ill. Admin. Code § 2500.40.

27.     Plaintiff was a qualified employee, as defined by 775 ILCS 5/2-101(A), with a disability, as that term is defined in 775 ILCS 5/1-103(I).

28.     In violation of the IHRA, Defendant failed to make reasonable accommodations for Plaintiff.

29.     As a proximate cause of the aforementioned unlawful employment actions, Plaintiff  suffered harm, including loss of earnings and emotional pain, humiliation, mental anguish, loss of enjoyment of life, emotional distress, and medical expenses.

30.     In its actions toward Plaintiff, Defendant acted with malice.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (IHRA Retaliation)

31.     The allegations set forth in ¶¶ 1 through 30 are incorporated by reference as if fully set forth herein.

32.     In making his requests for accommodation, Plaintiff engaged in protected activity under the IHRA.

33.     Defendant took adverse employment action against Plaintiff by terminating his employment.

34.    In violation of the IHRA, 775 ILCS 5/6-101(A), Defendant took the adverse employment action against Plaintiff on account of his lawful requests for accommodation, and in terminating his employment.

35.    As a proximate cause of the aforementioned unlawful employment actions, Plaintiff has suffered harm, including loss of earnings and emotional pain, humiliation, mental anguish, loss of enjoyment of life, emotional distress, and medical expenses.

36.    In its actions toward Plaintiff, Defendant acted with malice.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

37.    The allegations set forth in ¶¶ 1 through 36 are incorporated by reference as if fully set forth herein.

38..    At all times alleged in the Complaint, Defendant's agents and representatives were acting in the course of their employment and in furtherance of the business of the Defendant.

39.    Defendant's conduct in denying him health insurance benefits, which contributed to his death, and in terminating Plaintiff's employment for contrived and pretextual reasons, was truly extreme and outrageous.

40.    Defendant intended that its conduct would inflict severe emotional distress on Plaintiff or knew that there was a high probability that the conduct would cause severe emotional distress.

41.    The conduct in fact caused Plaintiff to suffer severe emotional distress.

42.     As a proximate cause of Defendant's tortious conduct, Plaintiff has suffered harm, including loss of earnings and emotional pain, humiliation, mental anguish, loss of enjoyment of life, emotional distress, and medical expenses.

43.     Defendant's intentional infliction of emotional distress was undertaken with malice and reckless disregard for Plaintiff's protected rights.

WHEREFORE, Plaintiff prays for judgment in his favor as follows:

1.     Back pay and benefits to make Plaintiff whole;

2.     Punitive damages due to Defendant's willful conduct;

3.     Compensatory damages in an amount according to proof;

4.     The costs of suit, including a reasonable attorney's fee and expert fees pursuant to 42 U.S.C. § 2000e-5(k); and

5.     Such other and further relief as the Court deems just, proper, and equitable.

6.     Plaintiff demands a jury trial pursuant to 42 U.S.C. § 1981a(c).


MICHAEL A. JOHNSON, by and through his next of kin/survivors


By:     */s/Gary D. Abrams*
          Gary D. Abrams No. 00050101L
          Gary D. Abrams and Associates, Ltd.
          Suite 1200
          55 West Monroe Street
          Chicago, IL  60603
          Telephone:  (312) 263-4085
          Facsimile:  (312) 641-6959

          Attorney for Plaintiff