IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHERISSA JOHNSON, Administrator of the Estate of Michael A. Johnson, deceased, | ) ) ) | |
| | ) | Case No. 11 CV 09019 |
| Plaintiff, | ) ) | Judge John Tharp, Jr. |
| v. | ) ) ) | |
| BOBBY E. WRIGHT COMPREHENSIVE BEHAVIORAL HEALTH CENTER, INC. | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

NOW COMES the Defendant, Bobby E. Wright Comprehensive Behavioral Health Center, Inc., by and through its attorneys, James T. Harrison and Kristen J. Farr of Harrison Law Offices, P.C., and pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby moves this Honorable Court to compel the production of documents in Plaintiff's possession and to compel the Plaintiff to answer Defendant's Interrogatories. In support of its motion, Defendant states as follows:

1. That on or about October 31, 2012, pursuant to Federal Rules of Civil Procedure 33 and 34 and the Court's October 3, 2012 order, the Defendant mailed *Defendant's First Set of Interrogatories to Plaintiff Cherissa Johnson* and *Defendant's First Request to Produce to Plaintiff Cherissa Johnson*. Plaintiff's answers were due December 3, 2012.

2. That on or about December 17, 2012, pursuant to Local Rule 37.2 of the Northern District of Illinois, Defendant's counsel, Kristen J. Farr, made a good faith attempt to obtain Plaintiff's answers to interrogatories and responses to the request for production of document without court action. Unable to reach Plaintiff's counsel, she left a detailed voicemail message regarding the status of Plaintiff's discovery.

3. That on or about December 21, 2012, Plaintiff's counsel contacted Defendant's counsel, Kristen Farr, regarding the status of written discovery and requested a Microsoft Word version of the documents that he could send to his client. On December 21, 2012, Defendant's counsel emailed Plaintiff's counsel a Microsoft Word version of *Defendant's First Set of*

*Interrogatories to Plaintiff Cherissa Johnson* and *Defendant's First Request to Produce to Plaintiff Cherissa Johnson*.

4. That on or about January 24, 2013, Plaintiff's counsel contacted Defendant's counsel, James Harrison, regarding the status of Plaintiff's discovery. Defendant's counsel granted Plaintiff an extension until February 8, 2013.

5. That on or about March 19, 2013, pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiffs' counsel, Kristen J. Farr, made a good faith attempt to obtain Defendants' answers to interrogatories and responses to the request for production of document without court action, by sending a letter to Defendants' counsel requesting a response to Defendant's discovery. (A copy of the letter is attached as Exhibit "A.").

6. On March 21, 2013, the issue of Plaintiff's non-compliance with Defendant's discovery was addressed to the Court; Plaintiff's counsel represented that he would provide Defendant's counsel with answers to Defendant's written discovery by the end of the following week (March 29, 2013). The matter was continued to April 18, 2013.

7. As of the writing of this motion, Defendant has not received Plaintiff's responses to Defendant's Request for Production, and Defendant has not received the Plaintiff's Answers to Defendant's Interrogatories and Plaintiff's discovery responses are more than four months overdue.

8. Rule 37(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: … (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv.) a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34."

9. That Rule 37(5)(A) states that "[i]f the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.."

10. That Plaintiff's delay in complying with this discovery has served to hinder and prejudice the Defendant in the timely resolution of this case and has caused the Defendant to incur additional expenses, including reasonable attorneys' fees, as a result of Plaintiff's noncompliance with the Federal Rules of Civil Procedure. *See Johnson v. Commissioner of Internal Revenue*, 289 F.3d 452, 456 (7th Cir. 2002) (failure to comply with discovery orders evidenced "bad faith" and justified sanctions).

WHEREFORE, the Defendant, Bobby E. Wright Comprehensive Behavioral Health Center, Inc., prays this Honorable Court grant its Motion to Compel Discovery Responses and enter its Order:

1. Compelling the Plaintiff's production of all documents responsive to *Plaintiffs' First Request to Produce to Plaintiff Cherissa Johnson,* pursuant to Fed.R.Civ.P. 37(a)(3)(B)(iii);

2. Compelling the Plaintiff's answers to *Defendant's First Set of Interrogatories to Plaintiff Cherissa Johnson,* pursuant to Fed.R.Civ.P. 37(a)(3)(B)(iv);

3. Compelling Plaintiff to pay Defendant's expenses, including attorneys' fees incurred in making motion, pursuant to Fed.R.Civ.P. 37(a)(5)(A); and,

4. For such other and further relief as the Court deems just, equitable and proper.

    Respectfully submitted,

    Harrison Law Offices

    s/Kristen J. Farr
    Kristen J. Farr
    Attorney for Defendant

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098
Phone: (815) 338-7773
Fax: (815) 338-7738
kfarr@harrisonlawoffices.com
Attorney No. 6291541